FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ MAY 22 2013 ★

LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

JENNY BAHAMONDE,

MEMORANDUM AND ORDER

Plaintiff,

-against--

CV-11-5166

(Wexler, J.)

STEVEN W. SHEPARD, M.D.,

Defendant.

-------------------------------------------------------------X

LAW OFFICES OF JAMES E. BAHAMONDE, ESQ.
BY: JAMES E. BAHAMONDE, ESQ.
2501 Jody Court
North Bellmore, New York 1170
Attorneys for Plaintiff

MAZZEI AND BLAIR
BY: PATRICIA BYRNE BLAIR, ESQ.
9B Montauk Highway
Blue Point, New York 11715
Attorneys for Defendant

WEXLER, District Judge:

This is a case brought pursuant to the Americans With Disabilities Act, 42 U.S.C. §12203(b)

(the "ADA") alleging that Defendant "coerced, intimidated or threatened" Plaintiff in retaliation for

engaging in activity protected by the statute. Plaintiff is Jenny Bahamonde, ("Plaintiff" or

"Bahamonde") and Defendant is Dr. Steven W. Shepard ("Defendant" or " Dr. Shepard"). Presently

before the court is Defendant's motion for summary judgment, pursuant to Rule 56 of the Federal

Rules of Civil Procedure, dismissing Plaintiff's complaint in its entirety.

1

I.  Factual Background

Plaintiff is a person who does not have an ADA disability. She was involved, however, in a state court action seeing relief on behalf of a disabled individual named Edward Ahern (the "Ahern Action"). The Ahern Action was commenced against Defendant Dr. Shepard. It was alleged therein that Dr. Shepard's medical office failed to comply with Federal and State accessibility standards, and contained unlawful architectural barriers to use by disabled individuals. Dr. Shepard moved for summary judgment in the Ahern Action. Ahern's opposition to the motion was supported by the affidavit of Bahamonde. Bahamonde's affidavit stated that she inspected Dr. Shepard's medical office, taking measurements and photographs. Her affidavit set forth those measurements, and was submitted in opposition to Dr. Shepard's motion. The State Court Justice in the Ahern Action denied Dr. Shepard's motion for summary judgment, citing the Bahamonde affidavit as creating an issue of fact. Thereafter, the Ahern Action went to trial. After six days of trial, the jury found in favor of Dr. Shepard.

On July 26, 2011, after Dr. Shepard prevailed in the Ahern Action, he sued Bahamonde in New York State Court. In that action, Dr. Shepard alleged that Bahamonde's summary judgment affidavit was false and constituted perjury. Dr. Shepard alleged that because of the false affidavit, he was made to go through the time and expense of a trial, only to be later vindicated. Dr. Shepard alleged that Bahamonde's assistance in the Ahern Action unduly prolonged that lawsuit, causing him damage. Bahamonde neither appeared nor took any action with respect to Dr. Shepard's lawsuit. On January 13, 2012, Dr. Shepard voluntarily disccontinued his action against Bahamonde. This action followed.

II.  The Present Complaint

In this action, Bahamonde asserts that Dr. Shepard's lawsuit against her amounted to unlawful retaliation in violation of the ADA. Specifically, Bahamonde alleges that institution of the action

2

against her was unlawful intimidation of a person who has assisted another in pursuing his rights under the ADA.

III.     The Motion for Summary Judgment

Defendant moves for summary judgment dismissing Plaintiff's claims. Specifically, Defendant argues that Plaintiff's complaint must be dismissed because she cannot show that she suffered any adverse action stemming from Dr. Shepard's lawsuit. In support of the motion, Dr. Shepard states that his action against Bahamonde was discontinued before Bahamonde answered or otherwise appeared, and therefore she incurred no legal expense. Dr. Shepard further relies on the fact that during the course of discovery Bahamonde presented no evidence that could support any claim of damage. In opposition to the motion, Bahamonde submits an affidavit stating that while she did not answer the lawsuit brought against her by Dr. Shepard, she appeared therein "to the extent that her attorney contacted Shepard's attorney to ascertain the basis of the action." Bahamonde also states that she suffered mental distress as a result of Dr. Shepard's lawsuit.

## DISCUSSION

I.     Summary Judgment Standards

The standards for summary judgment are well settled. Rule 56(c) of the Federal Rules of Civil Procedure 56(c), states that summary judgment is appropriate only if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c); Reiseck v. Universal Commc'ns of Miami, Inc., 591 F.3d 101, 104 (2d Cir. 2010). Affidavits submitted in opposition to summary judgment must be based on personal knowledge, "set forth such facts as would be admissible in evidence," and must show that the affiant is "competent to testify to the matters stated therein." Patterson v. County of Oneida, 375 F.3d 206, 219 (2d Cir.2004).

The moving party bears the burden of showing entitlement to summary judgment. See Huminski v. Corsones, 396 F.3d 53, 69 (2d Cir. 2005). In the context of a Rule 56 motion, the court "is not to weigh the evidence but is instead required to view the evidence in the light most favorable to the party opposing summary judgment, to draw all reasonable inferences in favor of that party, and to eschew credibility assessments." Amnesty Am. v. Town of W. Hartford, 361 F.3d 113, 122 (2d Cir. 2004); see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986) (summary judgment is unwarranted if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party"). Once the moving party has met its burden, the opposing party " 'must do more than simply show that there is some metaphysical doubt as to the material facts .... [T]he nonmoving party must come forward with specific facts showing that there is a genuine issue for trial.' " Caldarola v. Calabrese, 298 F.3d 156, 160 (2d Cir. 2002), quoting, Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986) (emphasis in original).

II.    Plaintiff's Claims: Legal Principles

The ADA prohibits discrimination based on disability. 42 U.S.C. §12112(a). The statute also prohibits retaliation against individuals assisting others in the assertion of ADA rights. 42 U.S.C. § 12203(a). Thus, the statute makes it unlawful, inter alia, to "intimidate" or "threaten" an individual exercising rights granted by the ADA, 42 U.S.C. §12203(b), or to discriminate against any individual who has "opposed any act or practice made unlawful by [the ADA] or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under" the statute. 42 U.S.C. §12203(a). A person need not prove that she is disabled to pursue a claim for retaliation. Treglia v. Town of Manlius, 68 F.Supp.2d 153, 158 (N.D.N.Y. 1999), rev'd. on other grounds, 313 F.3d 713 (2d Cir. 2002).

A prima facie case of retaliation under the ADA is stated only if the plaintiff can show: (1) engagement in an activity protected by the ADA; (2) defendant's awareness of that activity; (3) action

4

adverse to the plaintiff, and (4) a causal connection between the protected activity and the adverse action. Weissman v. Dawn Joy Fashions, Inc., 214 F.3d 224, 234 (2d Cir 2000), quoting, Sarno v. Douglas-Elliman Gibbons & Ives, 183 F.3d 155, 159 (2d Cir. 1999); Rodriguez v. Atria Sr. Living Group, Inc., 2012 WL 3457718 *7 (S.D.N.Y. 2012); Villanti v. Cold Spring Harbor Cent. School Dist., 733 F.Supp.2d 371, 382 (E.D.N.Y. 2010) . An action is deemed "adverse" within the meaning of the ADA if it is the type of action that "could well dissuade" a reasonable person from making or supporting a charge of discrimination. Welch v. United Parcel Service, Inc., 871 F.Supp.2d 164, 182 (E.D.N.Y. 2012); Villanti, 733 F.Supp.2d at 382.

III.     Disposition of the Motion

Defendant seeks dismissal of Plaintiff's complaint on the ground that she fails to show that she suffered any adverse action as a result of the institution of the now-dismissed lawsuit commenced against her by Dr. Shepard. In support of the motion, Defendant notes that Plaintiff revealed no information during discovery to support any claim of emotional or monetary damage.  Plaintiff counters that she has adequately alleged adverse action in that fear of being a defendant in a lawsuit is enough to reasonably dissuade a person from assisting another in pursuing a charge of ADA discrimination. While Plaintiff does not appear to have incurred legal expenses in connection with Dr. Shepard's lawsuit, she asserts that Dr. Shepard did not agree to discontinue his action until Plaintiff's attorney (who the court believes is a family member) made a telephone call to Dr. Shepard's lawyer "to ascertain the basis of that action." Finally, Plaintiff asserts that institution of the action against her caused her to suffer emotional distress.

Upon review of the documents submitted in support of, and in opposition to the motion, the court holds that summary judgment must be denied.  Plaintiff has set forth sufficient allegations to support her claim of retaliation. In particular, she properly alleges protected activity in the form of assisting plaintiff in the Ahern Action to pursue his claim of ADA discrimination. Adverse action is

5

adequately alleged in the form of being named a defendant in a lawsuit as a result of assisting another in pursuing a claim under the ADA. While Plaintiff's claim for damages is exceedingly weak, she has presented enough evidence to go forward to trial. That trial is presently scheduled for June 3, 2013.

## CONCLUSION

For the foregoing reasons, Defendant's motion for summary judgment is denied. The Clerk of the Court is directed to terminate the motion appearing at docket entry number 17. Jury selection in this matter will proceed on June 3, 2013 at 9:30 A.M.

SO ORDERED

LEONARD D. WEXLER
UNITED STATES DISTRICT JUDGE

Dated: Central Islip, New York
May 22, 2013